UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JEFFERY McCRORY, )
 )
        Plaintiff, )
vs. ) No. 1:11-cv-837-JMS-MJD
 )
ANDERSON POLICE DEPT., el al., )
 )
        Defendants. )

**Entry Discussing Complaint, Dismissing Certain Claims,
and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis* [2] is **granted.** The assessment of an initial partial filing fee is not feasible at this time.

**II.**

Plaintiff McCrory alleges that he was wrongly arrested, convicted of a crime, and imprisoned as a result of the misconduct of the usual suspects–judge, prosecutor, and police officers. His claims are brought pursuant to 42 U.S.C. § 1983. He seeks damages and unspecified injunctive relief.

**III.**

**A.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.**

Applying the foregoing standard, certain claims must be dismissed for failure to state a claim upon which relief can be granted.

- The claim against all the defendants in their official capacities is dismissed based on Indiana's Eleventh Amendment immunity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment).

- Claims against the Anderson Police Department are also dismissed as legally insufficient. The claims against the Anderson Police Department are in all respects except for name against the City of Anderson. Although a municipality is a "person" subject to suit under § 1983, *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978), a municipality can be found liable under § 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort. *Id.* at 690-91; *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994). The plaintiff has alleged no municipal policy or custom concerning any constitutional violations. Thus, he has failed to state a claim upon which relief can be granted as to any municipal defendant.

- Claims against Assistant District Attorney Kevin Eads in his individual capacity are dismissed with prejudice because of this defendant's prosecutorial immunity. *Imbler v. Pachtman,* 424 U.S. 409, 428 (1976).

- The claims against Superior Court Judge Dennis Carroll in his individual capacity are dismissed with prejudice because of this defendant's judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.")

- Although the facts alleged are sketchy, the claims against the remaining defendants appear to imply the invalidity of the conviction for which the plaintiff is currently incarcerated. Because of this, these claims cannot proceed. *Muhammad v. Close,* 540 U.S. 749, 751 (2004)(citing *Heck v. Humphrey,* 512 U.S. 477 (1994)); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007) ("*Heck* . . . holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon.").

- Additionally, McCrory's request for injunctive relief, presumably that he be released from confinement must be brought in an appropriate collateral challenge and cannot become an adjunct of a civil rights lawsuit.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IV.**

The plaintiff shall have **through July 21, 2011**, in which to file a statement of remaining claims as to any claims he intends to assert in this action which have not been dismissed as legally insufficient in Part III of this Entry. If no such report is entered, or if the report does not identify claims which may proceed, the court will direct the entry of final judgment.

The statement of remaining claims should also include a list of the state court proceedings related to the June 24, 2009, arrest as well as a Chronological Case Summary of each such proceeding.

**IT IS SO ORDERED.**

Date: 07/05/2011

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffery McCrory
DOC #197273
Pendleton - CIF
Inmate Mail/Parcels
5124 Reformatory Road
Pendleton, IN 46064